UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK     ☐ ORIGINAL
-----------------------------------------------------------------X
PAUL MARTINEZ,

                          Plaintiff,

      - against -

COMMUNICATIONS WORKERS OF AMERICA
LOCAL 1120, AFL-CIO, GLENN A. CARTER AS
PRESIDENT OF THE COMMUNICATIONS
WORKERS OF AMERICA LOCAL 1120, AFL-CIO,
PM SAVVY FLEET SERVICE, INC.,
KEVIN B. PETERS, and JOHN DOE,

                          Defendants.
-----------------------------------------------------------------X

**07 CIV. 1942**

Index:

**COMPLAINT**

**JUDGE CONNER**

     Plaintiff, Paul Martinez, by his Attorney, Barry D. Haberman, Esq., complaining of the Defendants, Communications Workers of America Local 1120, AFL-CIO 1120, Glenn A. Carter as President of the Communications Workers of America Local 1120, AFL-CIO, PM Savvy Fleet Service, Inc. Kevin B. Peters, and John Doe, respectfully alleges as follows:

    1.    Plaintiff, Paul Martinez, herein referred to as "Martinez" is a New York resident domiciled at 92 Ball Street, #1, Port Jervis, NY 12771.

    2.    Said domicile of Plaintiff, "Martinez", is located in the jurisdiction of the Southern District of New York, United States of America.

    3.    Upon information and belief, Defendant, Glenn A. Carter, herein referred to as "Carter" is the President of Defendant, Communications Workers of America Local 1120, AFL-CIO, herein referred to as "Local 1120."

    4.    Upon information and belief, Defendant, "Local 1120" is a General Association located at 157 Van Wagner Road, Poughkeepsie, New York 12603.

1

5. Upon information and belief, Defendant, "Local 1120" is a labor organization representing employees in an industry affecting commerce as defined in 29 U.S.C. sec. 142(1).

6. Upon information and belief, Defendant, "Carter" conducts business at 157 Van Wagner Road, Poughkeepsie, New York 12603.

7. Upon information and belief, Defendant, "Local 1120" and Defendant, "Carter" are subject to the jurisdiction of the Southern District of New York.

8. Upon information and belief, the Defendant, PM Savvy Fleet Service, Inc, herein referred to as "Savvy" is a New York Corporation.

9. Upon information and belief, the principal place of business of the Defendant, "Savvy" is located at 173-12 Horace Harding Expressway, Fresh Meadows, New York, 11365.

10. Upon information and belief, the Defendant, "Savvy" performs services on an ongoing basis at locations located in the Southern District of New York.

11. Upon information and belief, Defendant, "Savvy" is subject to the jurisdiction of the Southern District of the State of New York

12. Upon information and belief, Defendant, Kevin B. Peters, herein referred to as "Peters" is the Director of Operations for the Defendant, "Savvy."

13. Upon information and belief, Defendant, "Peters" actual place of business is located at 173-12 Horace Harding Expressway, Fresh Meadows, New York, 11365.

14. Upon information and belief, the Defendant, "Peters" performs services on an ongoing basis at locations located in the Southern District of New York.

15. Upon information and belief, Defendant, "Peters" is subject to the jurisdiction of the Southern District of the State of New York.

16. Upon information and belief, Defendant, *John Doe*, is an unidentified individual responsible for the administration of the Defendant, "Savvy's" health care plan pursuant to the provisions of Consolidated Omnibus Budget Reconciliation Act of 1985, herein referred to as "COBRA", 29 U.S.C. sec. 1161-1168.

17. The dominant subject matter of this Verified Complaint is grounded in 29 U.S.C. sec. 185(a), Section 301 of the Labor Management Relations Act, "LMRA" and "COBRA", 29 U.S.C. sec. 1161-1168.

18. Under 29 U.S.C. sec. 185(a) and (c), Section 301 of the Labor Management Relations Act, "LMRA" suits alleging a violation of a contract between an employer and a labor organization are permitted to be brought before the District Courts of the United States.

19. Under "COBRA", 29 U.S.C. sec. 1161-1168 suits alleging a violation of a "COBRA" are permitted to be brought before the District Courts of the United States.

20. As the Defendant, "Local 1120", principal office is located in the Southern District of New York and as the duly authorized officers and agents of the Defendant, "Local 1120" (specifically, Defendant, "Carter") is engaged in representing members of the Defendant, "Local 1120" in the Southern District of New York, under 29 U.S.C. sec. 185(c)(1) and (2), Section 301 of the Labor Management Relations Act, "LMRA", the Southern District of New York is the proper venue for this action.

21. The Plaintiff, "Martinez" demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

22.  The Plaintiff, "Martinez" repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

23.  At all times relevant to this action, Plaintiff, "Martinez" was a member in good standing of Defendant, "Local 1120."

24.  Upon information and belief, the Plaintiff, "Martinez" was employed by Defendant, "Savvy" from May 1, 2005 through September 6, 2006.

25.  Upon information and belief, the Plaintiff, "Martinez" was employed by Butler Fleet Services, Inc., herein referred to as "Butler" from August 1996 through April 30, 2005.

26.  Upon information and belief, the Plaintiff, "Martinez" while in the employ of first "Butler" and then Defendant, "Savvy" performed services pursuant to a contract between Verizon and "Butler" and then between Defendant, "Verizon" and Defendant, "Savvy."

27.  Upon information and belief, "Butler" performed services for Defendant, "Verizon" pursuant to a contractual agreement.

28.  Upon information and belief, Defendant, "Savvy" performed services for Verizon pursuant to a contractual agreement

29.  Upon information and belief, the Communications Workers of America, AFL-CIO, District One, herein referred to as "District One" was the exclusive bargaining representative for collective bargaining for all the employees of "Butler" and then Defendant, "Savvy" who were classified as Mechanical Maintenance personnel servicing Verizon's fleet of vehicles.

30. Upon information and belief, Defendant, "1120" represented those employees of Defendant, "Savvy" performing services for Verizon in a specific geographical location.

31. Upon information and belief, pursuant to the terms of the Agreement between "District One" and Defendant, "Savvy", seniority is defined as continuous service with the employer (Defendant, "Savvy") and the prior employer "Butler", beginning on the date that the employee began work.

32. Upon information and belief, at all times relevant to this action, the Plaintiff, "Martinez" was a member in good standing of "District One."

33. Upon information and belief, at all times relevant to this action, the Plaintiff, "Martinez" was a member in good standing of Defendant, "Local 1120."

34. At all times relevant to this action, the Plaintiff, "Martinez" was employed by the Defendant, "Savvy" pursuant to a Collective Bargaining Agreement between Defendant, "Savvy" and "District 1."

35. Upon information and belief, said Collective Bargaining Agreement between Defendant, "Savvy" and "District 1" is effective from May 1, 2005 through April 30, 2009. (See Exhibit 1 attached herein.)

36. Upon information and belief, pursuant to said Collective Bargaining Agreement, the Plaintiff, "Martinez" is represented by Defendant, "Local 1120."

37. On or about August 14, 2006, the Plaintiff, "Martinez" was suspended, without pay, by Defendant, "Savvy."

38. Upon information and belief, the suspension of the Plaintiff's employment was at the direction of Verizon.

39.  Upon information and belief, on or about August 24, 2006, the Defendant, "Savvy" denied the Plaintiff's Second Step Grievance. The notification of the denial of the grievance was communicated from Defendant, "Savvy" to Defendant, "Local 1120" and to Defendant, "Carter" on or about September 6, 2006.

40.  The denial of the Second Step Grievance was not communicated from the Defendants, "Local 1120" and "Carter" to the Plaintiff, "Martinez" until January 8, 2007.

41.  Upon information and belief, the Defendants, "Local 1120" and "Carter" have never processed the Third Step of the Grievance procedure as required to in the Collective Bargaining Agreement (See Exhibit 1, Article 15.04 of said Collective Bargaining Agreement)

42.  At all times relevant herein, the Plaintiff, "Martinez" satisfactorily performed his duties of employment.

43.  Upon information and belief, the Defendant, "Savvy" failed to abide by the provisions of Article 16.03 of the Collective Bargaining Agreement, which requires progressive discipline. (See Exhibit 1.)

44.  Upon information and belief, the Plaintiff, "Martinez" never received a written warning, a one-day suspension without pay and/or a three-day suspension without pay in accordance with the provision of Article 16.03 of the Collective Bargaining Agreement. (See Exhibit 1.)

45.  Furthermore, neither Defendant, "Savvy" nor Defendant, "Local 1120" nor Defendant, "Carter" permitted the Plaintiff, "Martinez" to participate in any meaningful fashion in the grievance procedure. The Plaintiff, "Martinez" was not part of the process, and was denied the opportunity to contest the charges of Defendant,

"Savvy", nor was the Plaintiff, "Martinez" provided the opportunity to give testimony in his own behalf.

46. As a result of the foregoing, Defendant, "Savvy," Defendant, "Local 1120" and Defendant, "Carter" have jointly and severally breached the Collective Bargaining Agreement which exists for the benefit of the Plaintiff, "Martinez."

47. During the calendar year 2006, the Plaintiff, "Martinez" had gross earnings of $1,224.59 per week.

48. As of the date of this Complaint, the Plaintiff, "Martinez" has been wrongfully deprived of 29 weeks of gross compensation, or the sum of $35,513.21.

49. The Plaintiff, "Martinez" has also been deprived of the value of the Pension and Welfare Program including but not limited to various pensions and medical insurance coverage as defined by Article 30.01 of the Collective Bargaining Agreement. (See Exhibit 1.)

50. The Plaintiff, "Martinez" seeks, the value of said pensions and medical coverage from the date of his wrongful termination of employment forward. The value of said pensions and medical coverage to be determined at trial.

51. The Plaintiff, "Martinez" also seeks all out of pocket medical expenses incurred by the Plaintiff, "Martinez" from the end of his employment through the date that this action is determined. The amount of said out of pocket medical expenses to be determined at trial.

52. Thus there is now due and owing from Defendant, "Savvy," Defendant, "Local 1120" and Defendant, "Carter" jointly and severally the amount of $35,513.21, plus the value of the deprived Pension and Welfare Program and out of pocket medical

expenses, plus compensation in amount to be determined at trial that the Plaintiff would have earned had the Defendants abided by the terms of the Collective Bargaining Agreement, all such monies due to the Plaintiff for the breach of the Collective Bargaining Agreement.

## AS AND FOR A SECOND CAUSE OF ACTION

53. The Plaintiff, "Martinez" repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

54. During the relevant time period, the Plaintiff, "Martinez" was a member of Defendant, "Local 1120" of whom Defendant, "Carter" was President.

55. Upon information and belief, the Plaintiff, "Martinez" was represented by Defendant, "Local 1120" and Defendant, "Carter" as concerns his employment by Defendant, "Savvy."

56. Upon notification of the suspension, pending termination from employment, Plaintiff, "Martinez" contacted Defendant, "Local 1120" to grieve said suspension and pending termination.

57. The basis for the grievance is the fact that the Defendant, "Savvy" failed abide by the provisions of the Collective Bargaining Agreement, specifically, Article 16.03, progressive discipline.

58. Upon information and belief, the Defendants, "Local 1120" and "Carter", failed to process said grievance in accordance with Article 15.04 of the Collective Bargaining Agreement, which requires said Defendants to process the grievance to a Third Step, by referring the dispute to the New York State Mediation Board.

59. Upon information and belief, Defendants, "Local 1120" and "Carter", failed provide the Plaintiff, "Martinez" a forum to prosecute his grievance.

60. Upon information and belief, Defendants, "Local 1120" and "Carter", failed provide the Plaintiff, "Martinez" any opportunity to participate as concerns any proceeding invested to determine the continuation of the Plaintiff's employment.

61. By failing to continue the prosecution of the meritorious grievance, Defendants, "Local 1120" and "Carter" breached their duty of fair representation to the Plaintiffs.

62. Upon information and belief, Defendants, "Local 1120" and "Carter" breach of the fair duty of representation was due to the Plaintiff, "Martinez" crossing a picket line in 2000.

63. Upon information and belief, "District One" the parent body of Defendant, "Local 1120" published the Plaintiff's name and workplace in 2000 labeling said Plaintiff a "scab."

64. Upon information and belief, Defendants, "Local 1120" and "Carter" knew about the Plaintiff's crossing of a picket line, and hence, said Defendants, Defendants, "Local 1120" and "Carter" made a determination not to provide proper assistance to the Plaintiff in contesting the termination of employment by Defendant, "Savvy."

65. The breach of the duty of fair representation by Defendants, "Local 1120" and "Carter" caused damages to the Plaintiff, "Martinez" in the amount of $35,513.21, plus the value of the deprived Pension and Welfare Program and out of pocket medical expenses, plus compensation in amount to be determined at trial that the Plaintiff would

have earned had the Defendants, "Local 1120" and "Carter" abided by the terms of the Collective Bargaining Agreement, all such monies due to the Plaintiff for the breach of the duty of fair representation by Defendants, "Local 1120" and "Carter" against the interests of the "Plaintiff.

66. Thus there is now due and owing from Defendants, "Local 1120" and "Carter", jointly and severally, to the Plaintiff the amount of $35,513.21, plus the value of the deprived Pension and Welfare Program and out of pocket medical expenses, plus additional compensation in an amount to be determined at trial for the breach of the duty of fair representation by Defendants, "Local 1120" and "Carter"" against the interests of the Plaintiff, "Martinez."

## AS AND FOR A THIRD CAUSE OF ACTION

67. The Plaintiff, "Martinez" repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

68. Under the provisions of Consolidated Omnibus Budget Reconciliation Act of 1985, herein referred to as "COBRA" the Plaintiff, "Martinez" was entitled, as a matter of law, to information from the employer, the Defendant, "Savvy" to enable said Plaintiff, "Savvy" to elect to maintain continuous health care coverage under the operative plan in effect when said Plaintiff, "Martinez" was in the employ of the Defendant, "Savvy". 29 U.S.C. sec. 1161-1168.

69. Upon information and belief, Defendant, "Savvy" failed to offer the Plaintiff, "Martinez" COBRA benefits as required.

70. Said failure to offer the "COBRA" as mandated by law by the Defendant, "Savvy" entitles the Plaintiff, "Martinez" to seek statutory damages as provided for under 29 U.S.C. sec. 1132(c)(1).

71. Upon information and belief, said violation of the COBRA notification commenced on August 14, 2006 and continues through this date.

72. As of this date, Defendant, "Savvy" is in violation of the COBRA notification provisions for 204 days.

73. Under the provisions of 29 U.S.C. sec. 1132(c)(1), the Plaintiff, "Martinez" is entitled to seek recovery of $100.00 for each day the Defendant, "Savvy" was in violation of COBRA.

74. Thus, the Plaintiff, "Martinez" is entitled to statutory damages in the amount of $20,400.00, plus additional statutory damages continuing until such date as the Defendant, "Savvy" complies with the applicable COBRA provisions. The Plaintiff, "Martinez" is also entitled to attorney fees, as provided for in 29 U.S.C. sec. 1132(g)(1).

75. Thus, there is now due an owing from the Defendant, "Woodbury" to the Plaintiff, "Andux", the sum of $20,400.00 plus interest, plus additional statutory damages to be determined at trial, plus attorney fees.

**AS AND FOR A FOURTH CAUSE OF ACTION**

76. Plaintiff, "Martinez " repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

77. Upon information and belief, the Defendant, "Peters" was the administrator for the health care plan of the Defendant, "Savvy".

78    Upon information and belief, the Defendant, *John Doe* was the administrator for the health care plan of the Defendant, "Savvy".

79.   Under the provisions of 29 U.S.C. sec. 1132(c)(1), the administrator of the health care plan is liable for the violations of the provisions of COBRA.

80.   Thus, Defendant, "Peters" and Defendant, *John Doe* are jointly and severally liable for the violations of COBRA.

81.   Thus, Defendant, "Peters" and Defendant, *John Doe* are jointly and severally liable for the statutory damages due to the Plaintiff, "Martinez", said damages in the amount of $20,400.00, plus additional statutory damages continuing until such date as Defendant, "Peters" and Defendant, *John Doe* comply with the applicable COBRA provisions. The Plaintiff, "Martinez" is also entitled to attorney fees, as provided for in 29 U.S.C. sec. 1132(g)(1).

82.   Thus, there is now due and owing from the Defendant, "Peters" and Defendant, *John Doe* jointly and severally, to the Plaintiff, "Martinez" the sum of $20,400.00 plus interest, plus additional statutory damages to be determined at trial, plus attorney fees.

**WHEREFORE,** Judgment is demanded:

(1)   By Plaintiff, "Martinez" against the Defendant, "Savvy" in the amount of $35,513.21, plus the value of the deprived Pension and Welfare Program and out of pocket medical expenses, plus compensation in amount to be determined at trial that the Plaintiff would have earned had said Defendant abided by the terms of the Collective Bargaining Agreement, all such

                monies due to the Plaintiff for the breach of the Collective Bargaining Agreement.

(2)   By Plaintiff, "Martinez" against Defendant, "Local 1120" and Defendant, "Carter", jointly and severally, in the amount of $35,513.21, plus the value of the deprived Pension and Welfare Program and out of pocket medical expenses, plus compensation in amount to be determined at trial that the Plaintiff would have earned had said Defendants abided by the terms of the Collective Bargaining Agreement, all such monies due to the Plaintiff for the breach of the Collective Bargaining Agreement, said Plaintiff a known third party beneficiary of the Collective Bargaining Agreement.

(3)   By Plaintiff, "Martinez" against Defendant, "Local 1120" and Defendant, "Carter", jointly and severally, in the amount of $35,513.21, plus the value of the deprived Pension and Welfare Program and out of pocket medical expenses, plus compensation in amount to be determined at trial for the breach of the duty of fair representation by Defendants, "Local 1120" and "Carter" against the interests of said Plaintiff.

(4)   By Plaintiff, "Martinez" against Defendant, "Savvy" in the amount of $20,400.00, plus accruing statutory damages, plus interest and attorney fees and expenses for non-compliance of COBRA. Said non-compliance entitles the Plaintiff, "Martinez" to damages under 29 U.S.C. sec. 1132(c)(1) and attorney fees pursuant to 29 U.S.C. sec. 1132(g)(1)

(5)   By Plaintiff, "Martinez" against Defendant, "Peters" and Defendant, *John Doe*, jointly and severally in the amount of $20,400.00, plus accruing

statutory damages, plus interest and attorney fees and expenses for non-compliance of COBRA. Said non-compliance entitles the Plaintiff, "Martinez" to damages under 29 U.S.C. sec. 1132(c)(1) and attorney fees pursuant to 29 U.S.C. sec. 1132(g)(1).

(6)  Granting the Plaintiff, such other and further relief as the Court deems just and proper.

Dated: New City, New York
       March 5, 2007

_____
BARRY D. HABERMAN, ESQ. (bh 2589)
Attorney for the Plaintiff
PAUL MARTINEZ
254 South Main Street, #401
New City, New York 10956
845-638-4294